UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRAIG KAWASAKI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J, ASTURE,<br><br>　　　　Defendant. | Case No.: C 07-4930 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

　　　　On June 9, 2008, Plaintiff filed a Motion for Award of Attorney's Fees and Costs Under the Equal Access to Justice Act.[1]  Defendant opposed the motion in part.  Both parties have consented to Magistrate Judge jurisdiction.  Based on the briefs and arguments presented,

　　　　IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED.

　　　　Plaintiff brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  Following Plaintiff's motion for summary judgment, the parties entered into a stipulation to remand this case to the defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Accordingly, judgment was entered on April 23,

---

[1]　　The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

Order, *page 1*

2008.[2] Pending before the court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

The Social Security Administration originally denied Plaintiff's claim for Social Security disability benefits. After his request for reconsideration was also denied, a hearing was held before an Administrative Law Judge ("ALJ") who rendered a partially favorable decision, finding Plaintiff disabled, but not before April 15, 2004.

The EAJA authorizes an award of "fees and other expenses" to a prevailing party in a case against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *See*, 28 U.S.C. § 2412(d)(1)(A). In social security appeals such as this, the Commissioner bears the burden of showing that his decision to deny benefits was substantially justified "to a degree that could satisfy a reasonable person." *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In this case the Commissioner does not challenge Plaintiff's entitlement to fees, and the court's own review of the record does not reveal any special circumstances which would render an EAJA award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the court concludes that the position of the Commissioner was not substantially justified and that reasonable fees should be awarded under the EAJA.

Having concluded an EAJA award is proper, the court considers the contested issue of whether the amount sought is reasonable. The Commissioner does not challenge the hourly rates proposed by Plaintiff's counsel. Accordingly, the court finds that the hourly rates proposed by Plaintiff's counsel are reasonable. The Commissioner does, however, contest the reasonableness of the hours claimed.

The court has discretion in determining the amount of a fee award, including "the reasonableness of the hours claimed by the prevailing party." *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also INS v. Jean*, 496 U.S. 154 (1990) (the district court's determination of what fee is reasonable under the EAJA is the same as the standard in *Hensley*). Here, Plaintiff's counsel initially requested a total of

---

[2] Pursuant to Federal Rules of Civil Procedure 54(d)(2)(B), the application for attorneys' fees should have been filed no later than May 7, 2008. However, Defendant did not object to the application on grounds of untimeliness, and any such objection was thus waived.

1  $6,148.26 for 32.2 hours of attorney work and 4.35 hours of paralegal work.[3]

2  The Commissioner urges the court to reduce the award to $3,929.83. Specifically, the Commissioner challenges as unreasonable and excessive 6.45 hours counsel spent drafting the complaint and summary judgment motion, 2.95 hours counsel spent on miscellaneous services, 1.3 hours spent on the EAJA petition, and 3.1 hours paralegal hours. In sum, the Commissioner argues that for this case counsel should have spent only 21.5 hours, and his paralegal should have spent only 1.25 hours.

The Commissioner's challenges to various entries are not well supported and in some cases are misleading. For example, the Commissioner takes the position that the time counsel spent reviewing the administrative transcript and Plaintiff's application to proceed *in forma pauperis* ("IFP") cannot be recovered because it occurred before the complaint was filed, citing *Mendenhall v. NTSB*, 213 F.3d 464, 469 (9th Cir. 2000). That case addressed the question of whether attorneys' fees incurred *in the administrative proceedings* prior to the filing of a civil suit could be recovered under the EAJA. Nothing in *Mendenhall* precludes an award of fees for pre-filing activities directly related to the civil suit, such as review of the administrative transcript and an IFP application.

In another example, the Commissioner claims that .30 hours of attorney time and .60 hours of paralegal time "spent on the Complaint" were spent after the Complaint was filed. This contention is misleading because the entries cited were *not* for preparation of the Complaint. The attorney time was for review of the Complaint and other requisite forms from the court, a telephone conference, and preparation of a memorandum to file. It is neither unusual nor unreasonable for an attorney to quickly review a client's file before a telephone call to the client. And the amount of time included more than just the quick review of the Complaint. The paralegal time was for preparing the Complaint and other documents for electronic filing (as well as preparing an email to the court and making a call to the court). Submission of complaints in electronic form is required by the court and *always* occurs after the complaint is filed. The Commissioner's challenge of this entry on the grounds it occurred after the Complaint was filed is disingenuous at best.

---

[3] In his reply to the Commissioner's opposition, Plaintiff's counsel also requests an additional $741.80 for 4.2 hours incurred to review the Commissioner's opposition and draft the reply papers.

ORDER, *page 3*

1    The court has considered all of the Commissioner's other challenges to the fee application,
2 and finds them to be similarly without merit.
3    After reviewing the materials submitted in connection with this application, and the file in
4 this case, the court is not persuaded that Plaintiff's counsel's billing is unreasonable. The amount of
5 time spent was well within the range of hours for which awards have been issued by district courts in
6 Social Security disability benefits cases. *See Patterson v. Apfel*, 99 F.Supp.2d 1212 n. 2 (C.D. Cal.
7 2000).
8    Under all the circumstances of this case, an hour by hour review of the fee request is
9 unwarranted. There is no evidence that Plaintiff's counsel has padded his fee request. Under the
10 EAJA, Plaintiff's counsel is entitled to be compensated for a reasonable number of hours that were
11 actually spent prosecuting the case and the fee award. While the Commissioner may be correct that
12 some of the work *could* have been completed in somewhat less time, it was not unreasonable for
13 Plaintiff's counsel to spend 32.2 hours and for his paralegal to spend 4.35 hours working on this case
14 from intake through the filing of the fee application.
15    The court will, however, reduce from 4.2 to 3.7 the number of hours claimed by Plaintiff's
16 counsel for preparing the reply brief, because much of the brief consists of unnecessary and
17 unhelpful hyperbole.[4]
18    Accordingly, the court finds it appropriate to grant the request for attorney fees in the amount
19 of $6,801.75. No later than August 6, 2008, Plaintiff may submit a bill of costs pursuant to Civil
20 Local Rule 54. Any objections to Plaintiff's bill of costs must be filed no later than August 20,
21 2008.
22 Dated: *7/14/08*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[4] The reply brief also implies that Plaintiff's counsel has dealt with similar attacks on his fee applications by the Commissioner many times in the past ("Defendant engages in its now too familiar line-by-line subjective scrutiny of the hours itemized by Kawasaki's counsel"). Thus, much of the legal research and discussion of cases would be a rehash of previous motion work and should have taken little time.